UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| George & Company LLC, a New York limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>Daniel Bekavac, an individual, Bekavac Trading Company, Inc., an Illinois corporation, and various John Does, Jane Does and ABC Companies,<br><br>                Defendants, | Case No. 20-cv-04673 |

**Complaint**

Plaintiff George & Company LLC ("Plaintiff" or "George & Company"), by and through its undersigned counsel., hereby brings this Complaint against Defendants Daniel Bekavac, Bekavac Trading Company, Inc., and various John Does, Jane Does and ABC Companies (collectively, "Defendants") and alleges as follows:

**Nature of the Action**

1. Plaintiff, a world-renowned game company and the owner and distributor of the award winning LCR® and LCR LEFT! CENTER! RIGHT!® dice game, files this Complaint against Defendants for trademark infringement, federal false designation of origin, passing off, and unfair competition under the Lanham Act, copyright infringement, and violation of the Illinois Uniform Deceptive Trade Practices Act.

**Parties**

2. Plaintiff George & Company is a limited liability company which is organized under the laws of New York.

3. Defendant Daniel Bekavac, President and CEO of Defendant Bekavac Trading, Inc., upon information and belief, and is a conscious, active, and dominant force behind the illegal acts of the Defendants set forth herein and acted in concert with the other Defendants to cause the wrongs which are the subject of this action.

4. Defendant Bekavac Trading Company, Inc., ("BTC") d/b/a "Bek Brands" is a corporation organized under the laws of the State of Illinois with its principal place of business in Crest Hill, Illinois. At all relevant times, Defendant BTC was and is so controlled by Defendant Daniel Bekavac that Defendant BTC was a mere instrumentality of Defendant Daniel Bekavac.

5. Defendants claim to be a "wholesaler phenomena" and operate a website at www.bekavactrading.com and bekbrands.com wherein Defendants offer, sell and distribute a multitude of products.

6. Defendants various John Does, Jane Does and ABC Companies, upon information and belief, are individuals and/or business entities who, along with the other herein named Defendants, have engaged in the unauthorized and illegal acts complained of herein. The identities of these unnamed Defendants and the details of their legal associations with the named Defendants herein presently are not and cannot be known to Plaintiff, in large part because they have concealed their identities from public disclosure.

7. Upon information and belief, all Defendants, either individually and/or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind their activities have committed the acts complained of herein in interstate commerce.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338 (for claims arising under the Lanham Act and the U.S. Copyright Act).

9. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1338(b), 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and 1400(a), and this Court may properly exercise personal jurisdiction over Defendants, because: (i) this is a judicial district in which at least Defendants BTC and Daniel Bekavac reside; and (ii) this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred including, without limitation, Defendants' infringements of Plaintiff's protected trademarks and copyrights within this judicial district.

**Plaintiff and its Popular LCR® and LCR LEFT! CENTER! RIGHT!® Dice Games**

11. Plaintiff George & Company is a highly respected, fourth generation family owned business, and the original innovator and maker of the authentic, popular, award-winning LCR® and LCR LEFT! CENTER! RIGHT!® dice game. Plaintiff George & Company alone invented and created this worldwide best-selling game, known and loved by consumers of all ages and walks of life.

12. Plaintiff George & Company's products are well known to the public, iconic and highly recognizable, including the following familiar examples:



13. Plaintiff George & Company has marketed and sold dice, dice games, party games, board games, card games, and/or related entertainment products to the public for more than a century, with

the LCR® and LCR LEFT! CENTER! RIGHT!® dice game being its most popular and successful game.

14. Plaintiff George & Company's efforts and accomplishments have made it a well-known and recognized name in the game and related entertainment product industries. George & Company has earned its enviable reputation as a result of its commitment to providing the highest quality goods and products.

15. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is distributed and sold throughout the United States and abroad under one or more of George & Company's Marks including the LCR® and LCR LEFT! CENTER! RIGHT!® brands.

16. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is a best-selling product, with multiple millions of units of the game having been sold by Plaintiff.

17. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is exceedingly popular and commercially successful. Plaintiff George & Company's game has been featured on, among many others, the "Rachael Ray Show" and televised nationally on the ABC television network as well as featured at www.rachaelrayshow.com. The well-known TDmonthly Magazine®, a trade magazine for the toy, hobby, game and gift industry, has listed George & Company's game as one of the "Top 10 Most Wanted Games," and retailers often identify George & Company's dice game as their "No. 1" and "biggest" seller.

18. As a result of Plaintiff George & Company's unceasing and wildly successful efforts, the LCR® and LCR LEFT! CENTER! RIGHT!® dice game has been known and loved throughout the world for decades, by people of all ages. For over a century, George & Company is and has been a highly respected and family owned business, having invented, created, manufactured, launched and continuously supplied one of the most successful games in history. George & Company has

done this all within the same, longstanding, family business which dedicates itself to this high quality and original and authentic game.

19. As a result of decades of hard work and dedication, Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® original and authentic dice game has become a classic.

20. George & Company's high-quality game remains today, as it has always been, the one and only original authentic LCR® and LCR LEFT! CENTER! RIGHT!® dice game.

## Plaintiff's Trademark Rights

21. George & Company LLC is the owner of all right, title and interest in and to the trademarks set forth below, among many others:

| Reg. No. | Trademark | Reg. No. | Trademark |
|---|---|---|---|
| 2,802,321 | [LCR dice logo] | 4,119,570 | [LCR dice logo] |
| 2,989,658 | LCR | 4,132,929 | LCR |
| 3,801,144 | [George & Co. Games logo] | 4,201,291 | [LCR dice tube image] |
| 3,854,443 | PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU | 4,229,002 | [Four colored LCR dice tubes image] |
| 3,917,337 | LCR | 4,419,874 | LCR WILD |
| 3,917,401 | LCR | 4,519,607 | LEFT, CENTER, OR RIGHT – DON'T LOSE YOUR CHIPS! |
| 3,922,749 | PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU | 4,519,608 | [Left! L, Center! C, Right! R dice with chips logo] |

| | | | |
|---|---|---|---|
| 4,002,630 | [LCR dice logo] | 5,091,343 | [Left! L C R Right! Center! logo] |
| 4,006,384 | LCR | 5,091,344 | LEFT, CENTER, OR RIGHT – DON'T LOSE YOUR CHIPS! |
| 4,053,314 | George & Co. Games | | |

as well as many other related marks, including common law marks, all with longstanding and prior use, covering a variety of goods and services, including without limitation dice games, party games and board games featuring specially marked dice and chips, and many related goods and services (hereinafter, collectively referred to as the "LCR Marks"). True and correct copies of the registration certificates of the LCR Marks are attached hereto as Exhibit A.

22. The LCR Marks are well-known to the public, legally valid, and subsisting, and owned exclusively by Plaintiff.

23. Plaintiff George & Company's dice game has been widely advertised and extensively offered for sale under the LCR Marks. As a result of George & Company's widespread and extensive use of the LCR Marks, and the public's widespread and favorable acceptance and recognition of them, the LCR Marks have become assets of substantial value as a symbol of George & Company, its quality goods, goodwill, and reputation.

24. Plaintiff George & Company enjoys considerable success and an enviable reputation in its industry and trade due in large part to its use of, and rights in, the LCR Marks.

25. Plaintiff George & Company has invested significant resources advertising and promoting its dice game using the LCR Marks in order to achieve the success it now enjoys. As a result of George & Company's investment, the LCR Marks have become synonymous with high-quality goods in its industry and related fields. George & Company's dice game has become well known and is in great demand throughout the U.S. and the world.

26. Plaintiff George & Company's Marks have been extensively and continuously advertised and promoted to the public through various means, including, but not limited to, appearances at toy shows, displays in retail stores, and on the internet. Further, George & Company's game and the LCR Marks have received unsolicited third-party recognition and acclaim.

27. As a result of such advertising and attention, the public has come to recognize Plaintiff George & Company's dice game bearing the LCR Marks as originating solely from George & Company.

### Plaintiff's Copyrights

28. George & Company LLC is the owner of all right, title and interest in and to the copyrights in the following (the "LCR Works"), among others:

| Reg. No. | Title | Deposit |
|---|---|---|
| TX 3-437-323 | L-C-R- Game Rules | |
| VA 1-786-004 | Chasing Arrows | |
| VAu 1-358-243 | George & Company LLC Four Tubes Color Photograph | |
| VAu 1-365-197 | George & Company LLC Color Rendering and Line Drawing Four Tubes | |

True and correct copies of the registration certificates for the LCR Works are attached hereto as Exhibit B.

### Defendants' Unlawful Conduct

29. On or about April 2019, Defendants applied with Plaintiff to become an authorized reseller of Plaintiff's LCR® products. A true and correct copy of that application is attached hereto as Exhibit C. Defendants' application was declined.

30. Defendants nevertheless and without authorization caused to be produced in China and shipped into this judicial district at least 20,000 counterfeit and infringing sets of Plaintiff's famous LCR game which bear counterfeit versions of Plaintiff's LCR Marks and reproductions of the LCR Works. A copy of Defendants' invoice for this order, predating their reseller application by approximately four months, is attached hereto as Exhibit D. Example photographs of a test purchase of Defendants' Counterfeit LCR Product showing the reproduced LCR Works and Counterfeit LCR Marks are as follows:





31. Defendants sold these Counterfeit LCR Products at least through Defendants' website www.bekavactrading.com, Defendant's Amazon.com storefront Harbivore Products (Amazon Seller ID APMK03F2NY4MO), and, on information and belief, Walmart.com, under and in association with Defendants' "Bek Brands" moniker.

32. Defendants additionally offered, at least through https://www.bekbrands.com/lcr-bracket., accessories for Plaintiff's famous LCR game, namely, a downloadable and printable tournament-style "bracket" to organize competitions. Example photographs of Defendants' further unauthorized use of the LCR marks, again confusingly in association with Defendant's "Bek Brands" moniker, are as follows:





33. Defendants' acts as set forth herein are likely to cause (and do cause) confusion, mistake, and deception as to the source or origin of Plaintiff's goods with Defendants, their activities, and their goods, and is likely to falsely suggest (and has already falsely suggested) a sponsorship, connection, license, or association between Plaintiff and Defendants. This confusion, mistake,

and deception will immediately and irreparably injure and tarnish the goodwill and reputation that Plaintiff has diligently labored to establish in its goods and business.

34. Defendants' activities have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff and its rights, including, but not limited to, injuring its business reputation and the distinctive quality of the LCR Marks.

35. Defendants' unauthorized acts are designed to divert, and will have the result of diverting, customers from Plaintiff to Defendants.

36. Defendants have been unjustly enriched as a result of their unauthorized use of the Infringing Marks.

37. Defendants' activities have caused and, if not enjoined, will continue to cause irreparable harm to the public, who has an interest in being free from confusion, mistake, and deception.

38. Plaintiff has no adequate remedy at law.

## Count I - Trademark Infringement and Counterfeiting, 15 U.S.C. §§ 1114, 1116(d)

39. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

40. Plaintiff's trademark infringement claims against Defendants are based on Defendants' unauthorized use in commerce of counterfeit imitations of the federally-registered LCR Marks in connection with the advertising, distribution, offering for sale, and sale of infringing goods.

41. The LCR Marks are distinctive marks, and consumers have come to expect superior quality from products advertised, distributed, offered, or sold under the LCR Marks.

42. Defendants have advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the LCR Marks without Plaintiff's permission.

43. Plaintiff is the exclusive owner of the LCR Marks. Plaintiff's registrations for the LCR Marks are in full force and effect.

44. Upon information and belief, Defendants are aware and have knowledge of Plaintiff's rights in the LCR Marks and are willfully infringing it and intentionally using counterfeit reproductions thereof.

45. Defendants' willful, intentional, and unauthorized use of the LCR Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit LCR Products among the general public.

46. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

47. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known LCR Marks if Defendants' actions are not enjoined.

48. Defendants' wrongful advertisement, offering to sell, and sale of Counterfeit LCR Products have directly and proximately caused injuries and damage to Plaintiff.

### Count II - False Designation of Origin, Passing Off, and Unfair Competition, 15 U.S.C. § 1125(a)

49. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

50. The LCR Marks are distinctive trademarks.

51. Defendants' advertising, distribution, offering for sale, and sale of Counterfeit LCR Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of Defendants Counterfeit LCR Products by Plaintiff.

52. By using the LCR Marks in association with the advertising, distribution, offering for sale, and sale of the Counterfeit LCR Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Counterfeit LCR Products.

53. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit LCR Products to the general public involves the willful use of spurious marks and is a willful violation of 15 U.S.C. § 1125.

54. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known LCR Marks if Defendants' actions are not enjoined.

### Count III - Violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)

55. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

56. Defendants have engaged in acts which violate Illinois law including, without limitation: passing off their Counterfeit LCR Products as those of Plaintiff; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine LCR Products; representing that their products have Plaintiff's approval when they do not; and engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

57. Defendants' foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trademark Practices Act, 815 ILCS § 510, et seq.

58. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known LCR Marks if Defendants' actions are not enjoined.

### Count IV - Copyright Infringement, 17 U.S.C. § 501

59. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

60. Plaintiff is the owner of the original LCR Works registered and contained in Exhibit B.

61. The LCR Works have significant value and have been produced and created at considerable expense.

62. Among the rights granted to Plaintiff is the exclusive right to market and sublicense the right to copy, reproduce, and display the LCR Works and make derivative works thereof.

63. On information and belief, Defendants, who are in the business of distributing toys and other consumer products, had access to the works in Exhibit B through, at least, their research of the LCR Products in preparation of their application for licensure from Plaintiff in April 2019. After accessing the LCR Works, Defendants wrongfully caused to be produced copies of the copyrighted LCR Works without Plaintiff's consent and engaged in acts of widespread infringement through the distribution and sale of unauthorized copies of the LCR Works.

64. Defendant, without the permission or consent of the Plaintiff, has sold and continues to sell online infringing derivative works of the copyrighted LCR Works and reproduce, display, and distribute the LCR Works without authorization and in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106

65. As a direct result of their acts of their copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the copyrighted LCR Works.

66. Defendants knew their acts constituted copyright infringement and Defendants' conduct was willful within the meaning of the Copyright Act.

67. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.

**Prayer for Relief**

**WHEREFORE**, Plaintiff, George & Company LLC, prays for judgment against Defendants as follows:

**1)** That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the LCR Marks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LCR Product or is not authorized by Plaintiff to be sold in connection with the LCR Marks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine LCR Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the LCR Marks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit LCR Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the LCR Mark and damaging Plaintiff's goodwill;

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the LCR Marks, or any reproductions, counterfeit copies, or colorable imitations thereof, or the LCR Work or artifacts are derivative works thereof;

   f. using, linking to, transferring, selling, exercising control over, or otherwise owning a business that is being used to sell products or inventory not authorized by Plaintiff which bear the LCR Marks or LCR Works or derivative works thereof;

    **g.** operating, facilitating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sell products or inventory not authorized by Plaintiff which bear the LCR Marks or LCR Works or derivative works thereof;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay, Wish, Joom, Vova, Alibaba and AliExpress, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    **a.** disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the LCR Marks or bearing the LCR Works or derivate works thereof;

    **b.** disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using without authorization the LCR Marks or LCR Works or derivate works thereof;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the LCR Marks be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(a);

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for the unauthorized use of each LCR Mark for each registered good or service;

5) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. § 501;

6) That Defendants impound or destroy of all copies of the Infringing LCR Works in the possession or control of any of the Defendants or their agents, employees, affiliated companies, and those acting in concert with them, and provide certification of same, pursuant to 17 U.S.C. § 503(b);

7) That Defendants account for and disgorge to Plaintiff all gains, profits, and advantages derived by their copyright infringement, pursuant to 17 U.S.C. § 504(b) and other law;

8) That Plaintiff be awarded such actual damages as it has sustained as a result of Defendants' copyright infringement in an amount to be determined at trial pursuant to 17 U.S.C. § 504(a)(1), (b);

9) In the alternative, that Plaintiff be awarded statutory damages for Defendants' willful copyright infringement of $150,000 per LCR Work infringed pursuant to 17 U.S.C. § 504(c)(2);

10) That Plaintiff be awarded its reasonable attorneys' fees and costs as available pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, 815 ILCS § 510/3, and other applicable law; and

11) Award any and all other relief that this Court deems just and proper.

Dated: August 7, 2020

Respectfully submitted,

/s/Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph. (312) 715-7312
Fax (312) 646-2501
ARDC No. 6301067

*Counsel for Plaintiff George & Company LLC*