**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| George & Company LLC, a New York limited liability company, ) ) ) Plaintiff, ) ) v. ) ) Daniel Bekavac, an individual, ) Bekavac Trading Company, Inc., an ) Illinois corporation, and various ) John Does, Jane Does and ABC ) Companies, ) ) Defendants, ) | Case No. 20-cv-04673  Hon. John Robert Blakey  Hon. Jeffrey Cole |

**Status Report**

1. **Type of Initial Status Report (e.g., Joint or Individual)**. This status report is filed by Plaintiff individually / singularly. Defendants have not obtained counsel, appeared, or otherwise contacted Plaintiff or its counsel of record.

2. **Service of Process**. Service of process was effected upon Defendant Daniel Bekavac on September 30, 2020 [Dkt. 11], and upon Defendant Bekavac Trading Company, Inc. ("BTC") on September 8, 2020 [Dkt. 12].

3. **The Nature of the Case**.

    a. The attorney of record is Adam E. Urbanczyk of AU LLC 564 W. Randolph St. 2nd Floor Chicago, IL 60661. Adam E. Urbanczyk is licensed to practice law in Illinois, Michigan, and the District of Columbia and admitted before the U.S. District Courts for the Northern and Central Districts of Illinois, the Eastern District of Michigan, and the District of Columbia. Adam E. Urbanczyk is not a member of the trial bar of the Northern District of Illinois.

Page **1**

    b. The basis for federal jurisdiction is Plaintiff's claims arising under the Lanham Act and the U.S. Copyright Act, 28 U.S.C. §§ 1331, 1338.

    c. Plaintiff's claims are based on federal trademark infringement, unfair competition under the Lanham Act and Illinois law, and copyright infringement.

    d. Plaintiff anticipates the major factual issues in the case to be: (i) whether Defendants were ever authorized to use the LCR Marks; (ii) whether Defendants were ever authorized to reproduce, distribute, and display the LCR Works; and (iii) whether BTC was simply an alter ego of Defendant Daniel Bekavac and to what extent Defendant Daniel Bekavac was personally involved in the infringement of Plaintiff's rights in the LCR Marks and LCR Works.

    e. Plaintiff is aware that Defendant caused to be manufactured and obtained, without authorization, at least 20,000 units of a dice game bearing the LCR Marks and incorporating the LCR Works.  Plaintiff's LCR dice game retails for approximately $10/unit and Plaintiff believes that Defendants liquidated all of the product, resulting in earnings from the sale of counterfeit goods of at least approximately $200,000.  Plaintiff may separately seek statutory damages for Defendants' willful infringement of the LCR Marks which would entitle Plaintiff to up to $2,000,000 for Defendants' unauthorized, counterfeit use of each LCR Mark for each registered good or service.  Plaintiff may separately seek statutory damages for Defendants' willful infringement of the LCR Works which would entitle Plaintiff to up to $150,000 for Defendants' unauthorized reproduction, distribution, and display of each LCR Work.  Plaintiff is seeking injunctive relief, disgorgement of any profits, and reasonable attorneys' fees and costs.

4. **Pending Motions and Case Plan**.

    a. **Pending Motions**.  There are no pending motions.

b. **Proposal for discovery and Case Management Plan**.

1. Generally, Plaintiff will be seeking discovery related to BTC's business dealings with Chinese suppliers and domestic third parties, including e-commerce businesses and platforms (*e.g.*, Amazon.com). Plaintiff anticipates the need for some electronic discovery with respect to the Parties' e-commerce activities. Plaintiff does not anticipate the need for bifurcated discovery.

2. The Defendants have yet to appear and so identifying a date to produce initial disclosures under Rule 26(a)(1) may be premature. Plaintiff proposes that the Parties may propose a date, via a joint status report, once the Defendants appear and are engaged in the case.

3. The Defendants have yet to appear and so identifying a date to first propound written discovery may be premature. Plaintiff proposes that the Parties may propose a date, via a joint status report, once the Defendants appear and are engaged in the case.

4. Plaintiff expects some discovery will concern sensitive financial records which the Parties will prefer to remain confidential. The Parties will endeavor to propose a confidentiality order, based on the Court's model order, as soon as practicable.

5. Plaintiff does not anticipate the need for any HIPAA waivers.

6. The Defendants have yet to appear and so identifying a date by which fact discovery may be completed may be premature. Plaintiff proposes that the Parties may propose a date, via a joint status report, once the Defendants appear and are engaged in the case.

    **7.** The Defendants have yet to appear and so identifying a date by which expert discovery may be completed may be premature. Plaintiff proposes that the Parties may propose a date, via a joint status report, once the Defendants appear and are engaged in the case.

    **8.** The Defendants have yet to appear and so identifying a date by which dispositive motions, if any, may be filed may be premature. Plaintiff proposes that the Parties may propose a date, via a joint status report, once the Defendants appear and are engaged in the case.

    **9.** The Defendants have yet to appear and so identifying a trial date may be premature. Plaintiff proposes that the Parties may propose a date, via a joint status report, once the Defendants appear and are engaged in the case.

    **10.** Plaintiff does not now request a jury trial and anticipates a bench trial length of two days.

5. **Consent to Proceed Before a Magistrate Judge**. The Parties have not discussed with Defendants a request for assignment to Judge Cole. Plaintiff will discuss such assignment with Defendants once they entered the case and will notify the Court if the Parties consent to the assignment.

6. **Status of Settlement Discussions**. The Parties have not discussed settlement. Plaintiff proposes that the Parties may request referral to a settlement conference, if it appears such a referral will be useful, once the Defendants appear and are engaged in the case.

Dated: October 15, 2020

                                                  Respectfully submitted,

                                                  /s/Adam E. Urbanczyk
                                                  AU LLC
                                                  564 W. Randolph St. 2nd Floor

                                          Chicago, IL 60661
                                          adamu@au-llc.com
                                          Ph. (312) 715-7312
                                          Fax (312) 646-2501
                                          ARDC No. 6301067

*Counsel for Plaintiff George & Company LLC*

**Certificate of Service**

I hereby certify that the **Status Report** will be sent via U.S. first-class mail to Defendants at their below respective addresses:

| | |
|---|---|
| Bekavac Trading Company, Inc. | c/o ZAHID A MUNSHI<br>6129 N HAMILTON AVE UNIT 2<br>CHICAGO, IL 60659 |
| Daniel Bekavac | Daniel Bekavac<br>215 Slalom Ct.<br>Minooka, IL 60447 |

/s/Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph. (312) 715-7312
Fax (312) 646-2501
ARDC No. 6301067

*Counsel for Plaintiff George & Company LLC*