IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| **George & Company, LLC**, a New York Limited liability company, | ) ) ) ) **Case No.: 20-CV-4673** |
| Plaintiffs, | ) ) |
| vs. | ) **Judge: John Robert Blakey** ) |
| **Daniel Bekavac**, an individual; **Bekavac Trading Co, Inc**., an Illinois Corporation; and **various John Does and Jane Does** and **ABC Companies**, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT DANIEL BEKAVAC's**
**MOTION TO SET ASIDE DEFAULT JUDGMENT**

Daniel Bekavac ("Bekavac" or "Defendant"), by and through his attorneys, Thomas T. Boundas & Associates, and for his Motion to Set Aside Default Judgment entered in favor of George & Company, LLC ("Plaintiff"), and filed pursuant to Federal Rule of Civil Procedure 55 and 60(b), would show the Court as follows:

1. Plaintiff, by counsel, filed their *Complaint* (the "Complaint") with this Court on August 7, 2020.

2. On October 23, 2020, a minute Order of Default was entered against Bekavac.

3. On October 28, 2020, Plaintiff filed their *Motion for Judgment by Default* against Bekavac.

1

4. On December 2, 2020, this Court entered its *Order of Judgment by Default* (the "Default Judgment") against Bekavac.

5. On January 15, 2021 a Citation to Discover assets was filed and served upon Bekavac.

6. For reasons more specifically provided in the *Brief in Support of Defendant's Motion to Set Aside Default Judgment* and *Affidavit in Support of Bekavac's Motion to Set Aside Default Judgment*, attached hereto and incorporated herein by reference, the Default Judgment should be set aside, proceeding re-opened, and Bekavac given an appropriate period, approximately thirty (30) days, within which to answer or otherwise respond to Plaintiff's Complaint.

7. That this Motion is opposed by Plaintiff's counsel.

WHEREFORE, Defendant, Daniel Bekavac, respectfully requests that this Honorable Court set aside the Default Judgment against him, re-open this proceeding to allow Bekavac to answer or otherwise respond to Plaintiff's Complaint, and for any other relief just and proper in the premises.

    Respectfully submitted,

    By: /s/Thomas Boundas
    THOMAS T. BOUNDAS & ASSOCIATES
    Attorneys for Defendant Daniel Bekavac

Thomas T. Boundas
THOMAS T. BOUNDAS & ASSOCIATES
6428 Joliet Road, Suite 204
Countryside, IL 60525
708. 352. 4400 phone
tboundas@boundaslaw.com
Firm ID: 6209806

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on today's date, March 3, 2021, he served a copy of Defendant Daniel Bekavac's *Motion to Set Aside Default Judgment* on all parties via operation of the Court's CM/ECF system, and via electronic mail at the addresses listed below. Based on the Court's 10th Amended General Order 20-0012 dated February 12, 2021, specifically the suspension of Local Rules 5.3(b), this matter has not been noticed for presentment.

George & Company, LLC
c/o Adam E. Urbanczyk
AU LLC
564 W. Randolph St., 2nd Floor
Chicago, IL 650661
adamu@au-llc.com

c/o Michael S. Davis, of counsel
AU LLC
53 W. Jackson Blvd. Ste. 1504
Chicago, IL 60604
michael@au-llc.com
mdavis@daviscarterlaw.com

By: /s/ Thomas T. Boundas
THOMAS T. BOUNDAS & ASSOCIATES
6428 Joliet Road, Suite 204
Countryside, IL 60525
708. 352. 4400 phone
tboundas@boundaslaw.com
Firm ID: 6209806

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **George & Company, LLC**, a New York Limited liability company, | ) ) ) ) **Case No.: 20-CV-4673** |
| Plaintiffs, | ) ) |
| vs. | ) **Judge: John Robert Blakey** ) |
| **Daniel Bekavac**, an individual; **Bekavac Trading Co, Inc**., an Illinois Corporation; and **various John Does and Jane Does** and **ABC Companies**, | ) ) ) ) ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANT DANIEL BEKAVAC's
MOTION TO SET ASIDE DEFAULT JUDGMENT**

Daniel Bekavac ("BEKAVAC" or "Defendant"), by and through his attorneys, Thomas T. Boundas & Associates, submits the following brief in support of its *Motion to Set Aside Default Judgment* rendered in favor of George & Company, LLC ("Plaintiff"), and filed pursuant to Federal Rule of Civil Procedure 55 and 60(b), and in support thereof, states as follows:

**FACTUAL AND PROCEDURAL HISTORY**

1. Defendant restates Paragraphs 1 through 4 of his Motion to Set Aside Default Judgment as Paragraph 1 of his Brief in Support as if fully set forth herein.

2. Plaintiff's Complaint alleges three (3) counts related to its copyrights and alleges violations of both Federal and State laws protecting said rights.

4

3. On October 2, 2020, Plaintiff served a copy of the Complaint and Summons upon BEKAVAC via substitute service.

4. BEKAVAC is a professional poker player and travels extensively for long periods of time and was away from his residence on the date of service.

5. BEKAVAC's fiancé, Bridget Krajecki, received the Summons and Complaint. See Affidavit of Bridget Krajecki, attached as Ex. 1 hereto. BEKAVAC incorporates the factual assertions in the Affidavit of Bridget Krajecki, *verbatim*, as if fully set forth herein, as to the circumstance attendant to the service of the Complaint and notice of actions in relation of the same and the reasons for those actions.

6. BEKAVAC was unaware of Plaintiff's Complaint until after the default judgment had already been entered by this Court on and the Citation was issued and served as set forth in detail in his Affidavit. See Affidavit of Daniel Bekavac attached as Ex. 2 hereto.

7. Promptly, upon receiving the Citation and the entry of the Default Judgment, BEKAVAC contacted his counsel regarding the instant proceeding.

8. Undersigned counsel has only recently been retained to represent BEKAVAC in connection herewith.

9. That BEKAVAC has a defense as to the damages and as to the elements of the claim of knowledge and willfulness of the alleged infringement. In or around April of 2019, BEKAVAC received notice of possible infringement by Plaintiff. BEKAVAC provided information as requested by Plaintiff (See Ex. 3

5

attached hereto). BEKAVAC then received a letter from counsel for Plaintiff regarding the issue (See Ex. 4 attached hereto) and cooperated with numerous emails, information, and the destruction of alleged infringing items as received from vendors (See Ex. 5 attached hereto). As a result and at Plaintiff's request, BEKAVAC, closed Bekavac Trading Co., Inc. and destroyed all merchandise.

10. Assuming *arguendo* that BEKAVAC was found to be liable as alleged in the Complaint, BEKAVAC, given the closing of Bekavac Trading Co., Inc. and the destruction of materials, had very few sales of said items into the stream of commerce. (See Ex. 6 for highlighted LCR alleged products sold). The amount of total sales and distribution was less than 200 units.

11. That the Judgment entered in this matter was for statutory damages of 20,000 units, grossly over the actual amounts compensable by Plaintiff from BEKAVAC.

**DISCUSSION**

I. <u>The Default Judgment Should Be Set Aside Pursuant to Federal Rule 60(b)(1). due to the Confusion Resulting from the Substitute Service and that BEKAVAC's Travel Excuses Any Neglect by BEKAVAC</u>

The Seventh Circuit has examined numerous factors when determining whether to set aside a default judgment for mistake, surprise, or excusable neglect under Federal Rule 60(b)(1). Raising a meritorious defense is one element to be considered in vacating a default. <u>E.g.</u>, <u>Bieganek v. Taylor</u>, 801 F.2d 879 (7th Cir. 1986). Where there is nothing in the record to show that the defendant deliberately and willfully defied the court or

disregarded the litigation, the courts in the Seventh Circuit exhibit a liberal attitude of vacating default judgments. See id. (citing Textile Banking Co. v. Rentschler, 657 F.2d 844, 854 (7th Cir. 1981)). When a defendant belatedly discovers the existence of a default judgment and thereafter promptly retains counsel and tries to rectify what had happened, courts in the Seventh Circuit are strongly in favor of permitting the defendant to try their case on the merits. Id. at 882. Particularly where "there is a genuine dispute concerning material facts, it weights in favor of a trial to decide those factual disputes in preference to a judgment by default in which facts cannot be disputed and decided." Id. (citing Ellingsworth v. Chrysler, 665 F.2d 180, 185 (7th Cir. 1981)).

All of the factors typically examined by the Seventh Circuit Court of Appeals weighs in favor of setting aside the Default Judgment under Federal Rule 60(b)(1) and permitting BEKAVAC to try its case on the merits. First, BEKAVAC can and will raise a meritorious defense as to the Plaintiff's Complaint in that he lacked the requisite knowledge, intent, and willfulness to be liable for the alleged infringements and in addition has a meritorious defense. Second, assuming *arguendo* that liability was established, the number of units compensable is grossly exaggerated in the default judgment. BEKAVAC acted diligently as soon as learned of the Default Judgment by contacting his counsel to quickly begin rectifying previous events. BEKAVAC has at no point "deliberately or willfully defied the court or disregarded the litigation." Rather, as soon as he received notice of the existence of the Citation and Default, he attempted to remedy the Default. BEKAVAC stands ready to try this case on the merits and

prevail on its meritorious defense to Plaintiff's claims. The genuine dispute regarding material facts, the manner of service, and BEKAVAC's demonstrated desire to have his day in court all weigh in favor of setting aside the Default Judgment pursuant to the Federal Rules and Seventh Circuit precedent.

## **CONCLUSION**

WHEREFORE, Defendant, Daniel Bekavac, respectfully requests that this Honorable Court set aside the Default Judgment against him, re-open this proceeding to allow Bekavac to answer or otherwise respond to Plaintiff's Complaint, and for any other relief just and proper in the premises.

    Respectfully submitted,

    By: /s/Thomas Boundas
    THOMAS T. BOUNDAS & ASSOCIATES
    Attorneys for Defendant Daniel Bekavac

Thomas T. Boundas
THOMAS T. BOUNDAS & ASSOCIATES
6428 Joliet Road, Suite 204
Countryside, IL 60525
708. 352. 4400 phone
tboundas@boundaslaw.com
Firm ID: 6209806

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on today's date, March 3, 2021, he served a copy of the *Brief in Support of Defendant Daniel Bekavac's Motion to Set Aside Default Judgment* along with accompanying Exhibits, on all parties via operation of the Court's CM/ECF system, and via electronic mail at the addresses listed below. Based on the Court's 10th Amended General Order 20-0012 dated February 12, 2021, specifically the suspension of Local Rules 5.3(b), this matter has not been noticed for presentment.

George & Company, LLC
c/o Adam E. Urbanczyk
AU LLC
564 W. Randolph St., 2nd Floor
Chicago, IL 650661
adamu@au-llc.com

c/o Michael S. Davis, of counsel
AU LLC
53 W. Jackson Blvd. Ste. 1504
Chicago, IL 60604
michael@au-llc.com
mdavis@daviscarterlaw.com

By: /s/ Thomas T. Boundas
THOMAS T. BOUNDAS & ASSOCIATES
6428 Joliet Road, Suite 204
Countryside, IL 60525
708. 352. 4400 phone
tboundas@boundaslaw.com
Firm ID: 6209806